**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


**ANTONIO LABRINTA GREEN,**

   **Plaintiff,**

**vs.**                                                    **CASE NO. 3:08CV406-RV/AK**

**CHRISTOPHER L. GRACE, et al,**

   **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that

Defendants, corrections officers at Santa Rosa Correctional Institution, used excessive

force against him. (Doc. 1). Defendants have moved for summary judgment (doc. 32)

and Plaintiff has not responded.

**I.      Allegations of the Complaint (doc. 1)**

Plaintiff claims that Defendant Franklin slammed his head against the concrete

floor numerous times even thought he was obeying orders and refused to call medical

staff even when he saw that Plaintiff was having a seizure. He claims that Officer Grace

lied about him spitting on him to justify the use of force.

II.     **Standard of Review**

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v.

**No. 3:08cv406-RV/AK**

<u>Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

<u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The

nonmoving party need not produce evidence in a form that would be admissible as Rule

56(e) permits opposition to a summary judgment motion by any of the kinds of

evidentiary materials listed in Rule 56(c).  <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477

U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment

with affidavits, <u>Celotex</u>, <u>supra</u> at 323, the facts stated in uncontradicted affidavits or

other evidentiary materials must be accepted as true for purposes of summary

judgment.  <u>Gauck v. Meleski</u>, 346 F.2d 433, 436 (5th Cir. 1965).

**III.    Defendant's Relevant Evidence (doc. 32)**

a)    <u>Inspector General's Investigation Log</u>

Log shows that the incident occurred on May 11, 2008, and involved Officers

Grace and Franklin, who were escorting Plaintiff to the showers when he spit on Grace.

Grace, who already had his left hand on Plaintiff's right upper arm in a custodial hold,

took him down to a prone position on the floor with Franklin's assistance.  Grace held

the back of Plaintiff's head to the ground with a minimal amount of pressure until he was

assured that Plaintiff would not spit again.

b)    <u>Report of Force Used</u>

Written by Officer Grace, he reaffirms his actions as described in the inspector's

log, but adds that the incident occurred at 4:29 and at 4:30 Officer Shell applied leg

irons to Plaintiff while Grace applied pressure to the back of his head.  When Officer

**No. 3:08cv406-RV/AK**

Haire arrived he held Plaintiff's lower legs so that Shell could video the incident. Video began at 4:31. When the officers pulled Plaintiff to his feet he would not stand on his own so he was lowered again to the floor onto his back. A-Team responders were called to the unit and someone began kicking on their cell door at the same time to which Grace replied, "Keep kicking bitch." Other officers arrived on the scene, and at 4:35 opening statements were made on video, officers identified, and a nurse arrived to examine Plaintiff on camera with no injuries noted. A "spit shield" was applied with no force necessary, Plaintiff was placed in a wheelchair and taken to the emergency room where he was again examined and no injuries noted. At 4:53 Plaintiff stood on his own and was returned to his cell without further incident. By 4:55 a closing statement was made on video and recording ceased.

      c)     <u>Incident Report dated May 12, 2008</u>

Shift Supervisor Kevin Diermyer commented that the use of force was necessary to defend Officer Grace from further harm. Diermyer talked with Plaintiff after he was on the floor and Plaintiff told him he had a seizure, which Nurse Donahoo found no signs of upon examination and concluded that neither Plaintiff nor the officers involved with the altercation had any injuries. During the incident Officer Grace used abusive language, but it was his first use of force and he was "distraught," and will endeavor to refrain from that in the future.

      d)     <u>Emergency Room Record</u>

Nurse Donahoo examined Plaintiff at 4:45, twenty minutes after the incident, and found no injuries of any kind nor were any voiced by the Plaintiff.

**No. 3:08cv406-RV/AK**

IV.    <u>Analysis</u>

Under the Eighth Amendment force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986), quoting <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2nd Cir. 1973).   In the context of quelling a prison disturbance, the Supreme Court explained that "whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm.  <u>Whitley</u> at 320-321.  <u>See</u> <u>also</u> <u>Skritch v. Thornton</u>, 280 F.3d 1295 (11th Cir. 2002).  A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 7-8 (1992).  However, a *de minimis* use of force, as evidenced by no injury, cannot support a claim of excessive use of force.  <u>Hudson</u>, at 7.

This court finds persuasive the definition of *de minimis* applied by a district court in the Northern District of Texas:

> A claim by a prisoner of an injury in prison he received in an unprovoked assault or excessive use of force by the guards or a failure to protect from other inmates should utilize the same approach to the nature of the injury and whether it actually falls under the new statute with regard to being a physical injury as to how people in a free world setting in exercising their day-to-day medical care would treat such injuries. Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world

**No. 3:08cv406-RV/AK**

people in just every day living for which they never seek professional medical care. Thus, an appropriate de minimis standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?

*** 

A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care.

Luong v. Hatt, 979 F. Supp. 481, 486 (N. D. Texas 1997). While the Eleventh Circuit has not adopted this precise definition, it has been applied by the United States District Court for the Middle District of Florida, Watkins v. Trinity Service Group, 2006 WL 3408176, and by district courts in Alabama and Georgia, which are included in the Eleventh Circuit. See Daughtry v. Moore, 2009 WL 1151858 (S.D. Ala.); Johnson v. Moody, 2006 WL 898135 (S.D. Ala); Talley v. Johnson, 2008 WL 2223259 (M.D. Ga.); Johnson v. Bainbridge Public Safety, 2007 WL 2593969 (M.D. Ga.); Radford v. Johnson, 2006 WL 2927578 (M.D. Ga) This definition and the Luong case has been cited positively by both the Third and Sixth Circuits as well. See Perez v. United States, 2009 WL 1426765 (3rd Cir.) and Jarriett v. Wilson, 162 Fed. Appx. 394 (6th Cir. 2005).

The facts, as alleged by Plaintiff, are egregious, and, if truthful, would without doubt have resulted in some degree of visible injury obvious even to a layman such as bruises, bleeding, lacerations, or worse, a concussion or some type of internal injury to the brain requiring emergency room treatment. He claims that his head was slammed

**No. 3:08cv406-RV/AK**

into the concrete numerous times sending him into seizures and he was left on the floor without medical care in this obvious state of medical emergency. The facts, as supported by the investigation log, the incident report, and the emergency room treatment notes, are quite the opposite. Not even a bruise was noted upon examination, and Plaintiff has come forward with no evidentiary materials to support his version of what happened or any medical records to support some contrary finding of injury. Several persons describe an incident that was prompted by Plaintiff's own bad behavior and was covered by video, including his examination by medical staff, that began within minutes of the use of force. Plaintiff had to have known this was being filmed, had to have known the incident reports would not support his version, and had to have known that he was back in his cell without treatment of any kind within an hour of the entire altercation. Knowing that his claims would likely fail upon closer examination, he brought this lawsuit anyway. The Court finds that not only has he failed to state a claim for relief under the relevant law and his case should be dismissed, but also that he should be sanctioned.

The Court finds that Plaintiff has shown reckless disregard for the truth and that sanctions should be imposed against him pursuant to Florida Statute §944.279(1), which provides:

> At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, or who knowingly or with reckless disregard for the truth brought false information or evidence

**No. 3:08cv406-RV/AK**

> before the court, is subject to disciplinary procedures pursuant to the rules
> of the Department of Corrections. The court shall issue a written finding
> and direct that a certified copy be forwarded to the appropriate institution
> or facility for disciplinary procedures pursuant to the rules of the
> department as provided in s. 944.09.

However, prior to imposing such sanctions the Court must afford Plaintiff fair notice that his conduct may warrant sanctions and the reasons why. See In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995). Notice and the reasons why are set forth herein, and Plaintiff is hereby given an opportunity to respond by filing Objections to this Report and Recommendation, within the time frame set forth below. If Plaintiff chooses to file Objections, he shall set forth therein reasons why he alleged that he was slammed into the concrete several times and had seizures when he knew or should have known that there was no medical evidence to support these allegations.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion (doc. 32) be **GRANTED**, and that Plaintiff's complaint (doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted and as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further recommended that the Order adopting these recommendations include a finding that Plaintiff knowingly brought false information before the Court, which shall be sent by certified copy to the Florida Department of Corrections for

**No. 3:08cv406-RV/AK**

appropriate disciplinary sanctions pursuant to Florida Statute §944.279(1).

**IN CHAMBERS** at Gainesville, Florida, this 28th Day of December, 2009.


s/ A Kornblum

**ALLAN KORNBLUM**

**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>


**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 3:08cv406-RV/AK**